STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

10-597


ROBERT KEVIN MCCARTNEY, ET AL.

VERSUS

CAROLYN J. RYLAND, ET AL.


**********

APPEAL FROM THE
NINTH JUDICIAL DISTRICT COURT
PARISH OF RAPIDES, NO. 231,218
HONORABLE MARY LAUVE DOGGETT, DISTRICT JUDGE

**********

JOHN D. SAUNDERS
JUDGE

**********

Court composed of John D. Saunders, J. David Painter, and Shannon J. Gremillion, Judges.


**AFFIRMED.**


**Paul Mantle Lafleur**
**Attorney at Law**
**P. O. Box 1711**
**Alexandria, LA 71309**
**(337) 487-4910**
**Counsel for Defendant Appellee:**
**Hon. Carolyn J. Ryland, Clerk of Court**

**Robert Kevin McCartney**
**DWCC   H3A**
**670 Bell Hill Road**
**Homer, LA 71040**
**Counsel for Plaintiff Appellant:**
**Robert Kevin McCartney**
**Aubrey McCartney**
**Elaine McCartney**

**PER CURIUM.**

In this case, the plaintiff filed suit, *pro se*, individually and on behalf of numerous members of his family in Rapides Parish asserting various claims for relief against the Rapides Parish Clerk of Court. The trial court dismissed these claims with prejudice and assessed the plaintiff with costs citing La.R.S. 15:1184(B), no cause of action, and prescription. We affirm.

**FACTS, PROCEDURAL HISTORY, DISCUSSION OF THE MERITS, AND DISPOSITION:**

On April 10, 2008, Robert Kevin McCartney (McCartney) filed suit individually and on behalf of various family members against Carolyn C. Ryland (Ryland) in Rapides Parish seeking "monetary, injunctive, and declaratory judgments in favor of all plaintiffs." McCartney is not a stranger to this court, nor most any court in our judicial system. McCartney has been denied relief by our court system all the way up to our United States Supreme Court on multiple occasions. *See McCartney v. Louisiana*, 522 U.S. 1002, 118 S.Ct. 573 (1997); *McCartney v. Terral*, 525 U.S. 1125, 119 S.Ct. 910 (1999); *McCartney v. Cain*, 537 U.S. 953, 123 S.Ct. 420 (2002); *In re McCartney*, 546 U.S. 809, 126 S.Ct. 275 (2005); *McCartney v. McCormick*, 78 USLW 3521, 130 S.Ct. 1746 (2010).

Our United States Court of Appeals, Fifth Circuit, in *McCartney v. Terral*, 98-30490, p. 1 (5th Cir. 8/26/98), 157 F.3d 903, *cert. denied*, 525 U.S. 1125, 119 S.Ct. 910 (1999), chastised McCartney when it stated the following:

> We previously warned McCartney that additional frivolous appeals would result in the imposition of sanctions against him. Accordingly, McCartney is BARRED from filing any *pro se* civil appeal in this court without the prior written approval of an active judge of this court. Further, he is BARRED from filing any *pro se* initial civil pleading in any court which is subject to this court's jurisdiction, without the advance written permission of a judge of the forum court. The clerk of this court and the clerks of all federal district courts subject

to the jurisdiction of this court are directed to return to McCartney, unfiled, any attempted submission inconsistent with this bar.

In his latest attempt to move the judicial system into action, McCartney asserts that Ryland, in her capacity as clerk of court for Rapides Parish, failed "to keep correct, accurate, and truthful records, a lawful duty, that created the basis" of this suit. The trial court, for various reasons, including La.R.S. 15:1184(B)[1], dismissed all claims against Ryland with prejudice.

After consideration of the errors alleged by McCartney and a thorough review of the record, we find that McCartney has, once again, failed to raise any issues with merit. Therefore, we affirm the judgment of the trial court. All costs of this appeal are assessed to McCartney.

**AFFIRMED.**

---

[1] Louisiana Revised Statutes 15:1184(B) provides:

> The court, on its own motion or on the motion of a party, shall dismiss any prisoner suit if the court is satisfied that the action is frivolous, is malicious, fails to state a cause of action, seeks monetary relief from a defendant who is immune from such relief, or fails to state a claim upon which relief can be granted. If the court makes a determination to dismiss the suit based on the content, or lack thereof, of the petition, the court may dismiss the underlying claim without first requiring the exhaustion of administrative remedies. The court, on its own motion, may raise an exception of improper venue and transfer the suit to a court of proper venue or dismiss the suit.